## DETERMAN v. STATE ex rel. VOGT et al.

No. 13423—Opinion Filed May 8, 1923.

(Syllabus.)

1. **Mandamus—Adequate Remedy at Law.**

Section 447, Comp. Stats. 1921, provides that the writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law.

2. **Same—Elections—Rights of Electors— Appeal from Refusal by Registrar.**

Section 6252, Comp. Stats. 1921, is the only section of the registration laws relat-

ing to the procedure on registration of electors, and this section applies to a person applying for registration upon having a previous registration certificate canceled on account of change of residence or politics pursuant to section 6256; and it also furnishes an adequate remedy at law by appeal wherever such person is refused registration by any registration officer.

### 3. Mandamus—Award of Writ—Reversal.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to dismiss plaintiff's petition.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Mandamus by the State, on the relation of Fred Vogt and others, against John B. Determan, individually and as registrar of Okarche Precinct, Kingfisher County. Writ awarded, and defendant brings error. Reversed and remanded, with directions to dismiss.

George F. Short, Atty. Gen., and C. A. Galbraith and W. D. Pierson, Asst. Attys. Gen., for plaintiff in error.

Boynton & Reily, for defendants in error.

KANE, J. This was an application for a writ of mandamus filed by defendants in error, plaintiffs below, against the plaintiff in error, defendant below.

Upon trial before the judge of the district court at chambers a peremptory writ of mandamus was allowed as prayed for, to reverse which this proceeding in error was commenced.

Hereafter, for convenience, the parties will be called "plaintiffs" and "defendant," respectively, as they appeared in the trial court.

It appears that the plaintiffs prior to the 17th day of April, 1922, had been duly and regularly registered as voters as members of the Democratic party. That on the last mentioned date they appeared before the defendant, as registrar of their precinct, and stated that since their former registration they had changed their politics and now wished to be registered as Republicans, which request was refused.

Thereupon the plaintiffs made application for a writ of mandamus to compel the registrar to register them, with the result hereinbefore stated.

While the Attorney General, appearing for the defendant, assigns several grounds for reversal, in the view we take of the case

it is only necessary to notice one of them which may be briefly summarized as follows:

The trial court erred in issuing a peremptory writ of mandamus, for the reason that the plaintiffs had a plain and adequate remedy in the ordinary course of the law. In our opinion this contention is well taken.

Section 447, Comp. Stats. 1921, provides that the writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law.

Section 6252, Comp. Stats. 1921, provides in part that "wherever any elector is refused registration by any registration officer, such action may be reviewed by the district court of the county by the aggrieved elector by his filing within ten days a petition with the clerk of said court, whereupon summons shall be issued to said registrar requiring him to answer within ten days, and the district court shall give an expeditious hearing, and from his judgment an appeal will lie at the instance of either party to the Supreme Court of the state as in civil cases."

We gather from a careful consideration of the briefs that counsel for plaintiffs concede that the foregoing excerpt from section 6252 furnishes an adequate remedy at law in a proper case. But, they say, the excerpt only applies to section 6252, which provides for the general regulations for registration, and has no application whatever to electors seeking registration under section 6256, Comp. Stats. 1921, which provides the procedure where the elector changes his residence or politics.

We are unable to wholly agree with this latter contention. It is probably true that the part of section 6252 providing for an appeal wherever any elector is refused registration applies only to the section of which it forms a part, but in our opinion this is the only section of the statute which provides the procedure for registration.

The first part of section 6256, relied upon by counsel, provides at considerable length the procedure for canceling a registration certificate where the elector changes his residence or his politics.

As we understand the registration laws, if the certificate of registration is canceled upon either of the grounds stated in section 6256, then the elector is in the same situation as if he had not previously registered. The part of section 6256 having reference

to registration after the certificate is canceled reads as follows:

"Any elector holding a canceled registration certificate may present the same any time to the registrar of any election precinct in which such elector resides and be registered as an elector therein upon complying with all provisions of this act with reference to the original registration of electors."

Section 6256 seems to be reasonably free from ambiguity. It first provides for the cancellation of the certificate of registration upon the grounds stated, and it then provides that the person holding the canceled registration certificate may be registered again under the general law.

In that event, if registration is refused on any ground, the whole of section 6252, providing the general regulations for registering, including the provision providing for appeal, is the governing section.

Entertaining this opinion, it follows that the action of the trial court was erroneous.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to dismiss plaintiffs' petition.

JOHNSON, C. J., and McNEILL, KENNAMER, and HARRISON, JJ., concur.