STATE ex rel. WALLS v. STATE BOARD
OF LAND COM'RS.*
(No. 1436; March 31, 1927; 254 Pac. 491.)

MANDAMUS — CANNOT BE MADE A SUBSTITUTE FOR APPEAL — ADE-
QUACY OF REMEDY—BOARD OF LAND COMMISSIONERS.

  1.  Where applicant for mineral lease had adequate remedy,
      under Comp. St. 1920, §§ 753, 6319, by appeal from
      contest proceeding before the state board of land com-
      missioners to determine priority of applications for
      mineral prospectors' leases, under rules 64 and 65 of
      the board, mandamus to require issuance of lease to him
      will not lie.

  2.  Mandamus cannot be resorted to as a substitute for an
      appeal or a proceeding in error.

  3.  Ordinarily, the delays incident to an appeal do not affect
      the adequacy of that remedy.

*See Headnotes:  (1) 38 CJ p. 558 n. 74; p. 565 n. 24.  (2) 38
CJ p. 565 n. 24; p. 692 n. 15.  (3) 38 CJ p. 567 n. 32.

Original mandamus by the State of Wyoming, on the
relation of W. L. Walls, against the State Board of Land
Commissioners.  Peremptory writ denied, and alternative
writ quashed.

*W. O. Wilson,* Attorney General, for the demurrer.

Defendant has demurred generally to the petition and
writ; the Board acts in a discretionary and not in a min-
isterial capacity in granting leases; the Board is without
authority to adopt the rules relied upon by relator, for
the reason that they are contrary to the Constitution and
laws of the state; this court has original jurisdiction in
proper cases; Article V, Section 3 Const.  The writ is
defined by statute; 6316 C. S. It cannot control judicial
discretion; 6317 C. S.  It will lie to require performance of
ministerial duties; Irvine v. Brooks, 14 Wyo. 393; but not
to control discretionary powers; State v. Board, 7 Wyo.
478.  There is no superiority in a prior lease application;

the highest royalty governs in mineral applications; 717
C. S. The Board is limited in authority by the Constitution, Article XVIII, Section 3, and the statute, Sec. 716
C. S.; the legislature cannot be deprived of its functions
by the adoption of rules and regulations; U. S. v. Copper
Co., 196 U. S. 207; U. S. v. George, 228 U. S. 14; Meads
v. U. S., 81 Fed. 684; Carr v. Gordon, 82 Fed. 373; Taylor
v. Kercheval, 82 Fed. 497. The rules in question are an
assumption of powers conferred on the legislature; Article
III, Section 1; Article XVIII, Section 4. The delegation
of rule making powers has limitations; 28 R. C. L. 179;
12 C. J. 840; 706 C. S. The Commissioner may allow or
disallow a lease; 237 C. S. Under the rule in question,
the Commissioner would have no option but to allow a
lease; the writ should be denied.

*H. S. Ridgely,* contra.

Plaintiff has a legal right to lease; 699 C. S.; Board
rules 64, 70, 70½, also rules adopted in May, 1925, numbered 5 and 8. These rules have the force and effect of
law; Gratiot v. U. S., 4 How. 80; U. S. v. Grimand, 220
U. S. 520; Stegall v. Thurman, 175 Fed. 819; State v. Ry.
Co., 141 N. C. 855; U. S. v. Eaton, 144 U. S. 677. The
statute itself provides that such rules shall have the
effect of law; James v. Iron Works, 107 Fed. 597. The
question turns upon a construction of rule 64; the Commissioner was without discretion in the matter; People v.
Pritchard, 17 Mich. 338. The objection to rule 64 is untenable; the rule is supported by Section 699 C. S.; the
rights of prior applicants are recognized; the demand of
plaintiff merely calls for a ministerial act; R. R. Co. v.
Stockton, 17 Cal. 339. Plaintiff is without an adequate
remedy; this appeal is not a contest; Platte v. Breckenridge, 65 S. W. 136. The statute, 699 C. S., contemplates
various proceedings before the Land Board, relating to
leases; none of the Board rules, relating to contests, have
been followed; these rules were adopted in 1919; only in

cases of contests are appeals provided for; Bucknam v. Johnson, 21 Wyo. 26. It is not enough that there is some remedy at law; the remedy must be adequate; Sumner v. Stateman, 65 S. E. 902. Discovery of oil and gas makes the land mineral in character and no longer subject to a prospector's lease; the appeal provided by statute requires a trial de novo and is not a proceeding to review the action of the Board; State v. Case, (Mont.) 37 P. 95; R. R. Co. v. Sullivan, 173 Fed. 456. Mandamus will lie when it appears to be more speedy and efficacious; State v. Brooks, 14 Wyo. 303; Gleim v. Evans, (Mont.) 33 P. 1010; Ins. Co. v. Robbins, 73 N. W. 269; Mendenhall v. School Dist., 90 P. 773; Gormley v. Clark, 10 Sup. Ct. 554; McMullen Co. v. Strother, 136 Fed. 295; Hayois v. Canal Co., 71 P. 944. The Board rules referred to are of recent origin; The Wyoming cases cited by defendant were decided long prior to the promulgation of these rules and, while we do not contend that the cases are against our contention, we refer to them for the reason that they seem to be relied upon by counsel for defendant and are not in point; plaintiff is without a plain and adequate remedy in the ordinary course of the law, and the writ should be granted.

*Paul R. Greever, Ray E. Lee* and *S. M. Lee,* for Lloyd I. Evans.

Sections 716–721 provide for mineral leases for state lands; there is no express recognition of superior rights to prior applicants; Marsh v. Board, 7 Wyo. 478. The rule relied upon by relator is broader than the statute; U. S. v. Copper Co., 196 U. S. 207; U. S. v. George, 228 U. S. 14; U. S. v. Dastervignes, 118 Fed. 199; Meads v. U. S., 81 Fed. 684; Taylor v. Kerchenal, 82 Fed. 497; U. S. v. Three Barrels of Whisky, 77 Fed. 963; Anchor v. Howe, 50 Fed. 366; Williams v. U. S., 138 U. S. 514; Gage v. Gunther, 68 P. 710. The Board has a broad discretion as to granting leases; Cooper v. McCormick, 10 Wyo. 379.

Mandamus cannot be substituted for appeal or error; Foote v. Board, 4 Wyo. 126; Hoole v. Kinkead, 16 Nev. 217. The writ will not issue where there is a plain and adequate remedy in the ordinary course of law; 6319 C. S.

KIMBALL, Justice.

This is an action of mandamus against the Board of Land Commissioners. The case has been heard on the return of the alternative writ on facts most of which are settled by stipulation.

The relator seeks to require the issuance to him of a mineral "prospector's lease" on a tract of state school land in Park County. The Board of Land Commissioners is the sole defendant, but Lloyd I. Evans, another applicant for the same kind of a lease of the same land, whose application has been approved by the board, has been served with a copy of the petition and alternative writ, as provided by the last sentence of rule 28 of this court, and has appeared by his attorneys in resistance to the issuance of the peremptory writ.

By the state constitution the Board of Land Commissioners has the direction, control, leasing, disposal and care of state school lands, under such regulations as are provided by law. Const. Wyo. Art. 7, Sec. 13; Art. 18, Sec. 3, as amended Dec. 20, 1922. It is authorized to lease the lands for various purposes, including mining, and "to make rules and regulations covering the conduct of development and mining operations." Wyo. C. S. 1920, Sec. 716. It has authority also to prescribe rules and regulations of procedure which "have the same relations to proceedings pending before said board, and have the same legal force and effect upon all parties to such proceedings, as the code of civil procedure bears and has to civil actions and the parties thereto in the courts of this state." C. S. Sec. 699.

Mineral leases are granted on a royalty basis (C. S. Sec. 716.), but the rules of the board provide that, pre-

liminary to the granting of an "operating" lease on a royalty basis, the board may grant a so-called "prospector's lease" which gives the lessee the right to go upon the leased land for the term of one year for the purpose of prospecting for minerals. If a mineral in paying quantity is found, the prospector's lease is surrendered, and an "operating" lease on a royalty basis is granted. The prospector's lease is probably no more than a license or permit to explore for minerals, but as the board calls it a lease we shall continue to use that word in referring to it. The rules of the board provide further that the rental for a prospector's lease shall be $200, and that that sum together with a filing fee of $1 and a recording fee of $10, the total sum of $211, must accompany the application for the lease. Applications are filed with the Commissioner of Public Lands, secretary of the board, who allows or disallows them subject to approval of the board. C. S. Sec. 237.

Rules 64 and 65 of the board are as follows:

"64.   In the granting of mineral prospector's leases where the land is not leased, the lease is granted to the first duly qualified applicant who presents his application accompanied by the rental and fees."

"65.   Where the land is not under mineral lease and two or more applications for prospector's lease are filed simultaneously, or where the land is leased and two or more applications for lease are pending when the old lease expires and none of the applicants has such an equity as will justify the Board in granting him the lease, the lease is offered at auction by the Commissioner and is sold to the bidder who will pay the highest rental to the State. Any party may bid at such a sale."

On February 23 and 24 the land in question was not covered by any mineral lease, and, therefore, was land of the kind mentioned in rule 64. On February 23 the Commissioner of Public Lands received from Evans an application for a prospector's lease. This application was

accompanied by the filing fee of $1, but not by the recording fee of $10 nor by the rental of $200, and for that reason was not filed by the commissioner when received by him. On the morning of February 24 the relator, on making inquiry at the office of the commissioner, was told that the land was vacant, and also told of the Evans application, and that Evans would be notified that his application could not be filed or considered unless he immediately forwarded $210 to make up the full amount of the fees and rental. Thereafter, on the same morning at about 10:30 o'clock, the relator filed his application for a prospector's lease, accompanied by the amount of money required. The commissioner telegraphed Evans that $210 must be sent immediately to validate his application. The money was received by telegram at about 2:30 o'clock in the afternoon of February 24. On the following day the commissioner rejected the application of the relator and allowed the lease to Evans subject to approval of the board. On February 28 the relator filed an appeal to the board from the action of the commissioner. C. S. Sec. 237. On March 3, the relator and Evans being present in person or by attorney, the appeal was considered and denied by the board, and on the following day the action of the commissioner allowing the lease to Evans was approved by the board. On March 19, before the lease to Evans was executed and delivered, this action of mandamus was commenced, and the alternative writ issued.

The relator contends that under rule 64, supra, he was entitled to the lease as "the first duly qualified applicant who presents his application accompanied by the rental and fees;" that it became the duty of the board to grant him the lease in conformity to said rule, and that the board should be compelled by mandamus to perform the duty.

Several questions suggested in opposition to the above contention, such as the validity of rule 64 if interpreted as mandatory; the right of the board, notwithstanding

the rule, to overlook the matter of time in receiving Evan's money (State v. Board of Land Com'rs., 7 Wyo. 478, 492, 53 P. 292); whether the two applications were not filed "simultaneously" within the true meaning of rule 65 (See, C. S. Sec. 706; Whiteman v. Severance, 46 Minn. 495, 499, 49 N. W. 255), and whether we could by mandamus in a proceeding to which Evans is not a party, make an order which would in effect rescind the allowance of the lease to Evans (State v. Board of Land Com'rs., supra, pp. 487, 490), we need not decide. Both the defendant board and Evans contend that the relator has a plain and adequate remedy by appeal, and that contention must be sustained.

By section 6319 C. S. it is provided that "The writ [mandamus] must not be issued in a case where there is a plain and adequate remedy in the ordinary course of law."

By section 753:

"Any party who may feel himself aggrieved by the decision of the state board of land commissioners or the state board of school land commissioners rendered in any contest proceeding held before either of said boards, may have an appeal from such decision to the district court sitting within and for the county in which the land controversy is situated. All persons joining in the appeal shall be joined as appellants, and all persons having interests adverse to the parties appealing, or any of them, shall be joined as appellees; and upon said appeal being perfected, said contest proceeding shall stand to be heard and for trial de novo, by said court."

The relator contends that in this case there was no contest within the meaning of the last-quoted section. The point has been decided otherwise in Cooper v. McCormick, 10 Wyo. 379, 409-410, 69 P. 301, where a similar contention was made by counsel for defendant in error. 10 Wyo. at p. 388. The differences between that case and the one at bar are not material on the question

whether there was an appealable contest. In Cooper v. McCormick it appeared that at the hearing before the board one of the parties introduced evidence in support of his application, and relator stresses the fact that in the case at bar the board refused to hear any evidence. The refusal of the board to hear relator's evidence may have been error, but it did not prevent the proceeding from being a contest. Two parties were applying for a lease of the same land. That amounted to a contest, and if the board's decision was wrong, it should be set right by a reversal on appeal instead of mandamus. In Baker v. Brown, 12 Wyo. 198, 74 Pac. 94, it seems that the contest before the board consisted of nothing more than conflicting applications or proposals to lease, and that case was entertained on appeal by the district court and on error by this court apparently without any questioning of the right to appeal from the decision of the board. That mandamus cannot be resorted to as a substitute for an appeal or proceeding in error is a well settled principle that should not be disregarded without good reason. 38 C. J. 565 and cases in note 24; 18 R. C. L. 133; State v. Pub. Util. Com., 101 Oh. St. 313, 128 N. E. 83; Determan v. State, 89 Okla. 242, 215 Pac. 423; Hamilton v. Smart, 78 Kan. 218, 95 Pac. 836.

It is contended that appeal is too slow. Ordinarily, the delays incident to an appeal do not affect the adequacy of that remedy. State v. Board of Medical Ex., 61 Wash. 623, 112 Pac. 746; State v. Westover, 2 Nebr. (unoff.) 768, 89 N. W. 1002. There are cases in which it cannot be said that the remedy by appeal is plain and adequate. See, State v. Johnson, 103 Wis. 591, 622, 79 N. W. 1081; 51 L. R. A. 33. Such cases are exceptions to the rule. It would be useless to attempt by general statement to give the reasons for the exceptions. Each case must be considered on its own facts. In the case at bar the relator, as an applicant for a lease, has no "positive, legal right" that needs protection by this extraordinary writ. State

v. Board of Land Com'rs. supra, 7 Wyo. at p. 492, 53 P. 292. And see, State v. Ross, 39 Wash. 399, 81 Pac. 865; Campbell v. Caldwell, 20 Ariz. 377, 181 Pac. 181. We see no reason for saying that an appeal to the district court could not be speedily perfected and tried. Had an appeal been taken promptly, the case might have been tried and decided in the district court in as short a time as would ordinarily be required for the trial and decision of a mandamus case in this court. We do not feel that we are required to assume that a decision by the district court would not be accepted by the parties as final.

The peremptory writ will be denied and the alternative writ quashed.

BLUME, Ch. J., and POTTER, J., concur.