## BAKER v. BROWN.

LEASE OF STATE LANDS—EVIDENCE—APPEAL AND ERROR.

1. On appeal from a decision of the state board of land commissioners in a contest proceeding, where no notice of the proposed introduction of new evidence has been given as required by law, it is not an abuse of discretion to exclude such new evidence when offered.

2. A former lease issued to an applicant to lease state lands cannot be made a part of the record in a contest proceeding on appeal from a decision of the state board of land commissioners by offering the same in evidence on the trial in the appellate court.

3. The discretion vested in the state board of land commissioners in the renewal of leases under section 812 of the Revised Statutes, 1899, should not be interfered with by the courts except in case of fraud, or grave abuse, resulting in manifest wrong or injustice.

4. Upon the facts in this case, held that there was no abuse of discretion in refusing to renew a lease, and in granting a lease to another applicant for a larger annual rental than offered by the former lessee.

[Decided November 3, 1903.]                    (74 Pac., 94.)

Error to the District Court, Albany County, Hon. Charles W. Bramel, Judge.

Etherton P. Baker and Charles W. Brown, Jr., were contesting applicants for the lease of certain state lands. The State Board awarded the lease to Brown, and Baker appealed to the District Court, where the decision of the board was affirmed. Baker prosecuted error. The facts are stated in the opinion.

N. E. Corthell, for plaintiff in error.

The original lease offered in evidence by the plaintiff in error should have been received. Its only purpose was to inform the court as to its terms, which would have been important in case a renewal should be ordered.

The original lessee of state lands has a right to renewal under the provisions of Section 812, Revised Statutes, conditioned only upon the agreement between the lessee and the board as to the valuation of the land. With any other construction of the section, it would seem to be without meaning and unnecessary. If the language of the section is to be considered as merely permissive, it would fall under the rule that permissive words in respect to the duties of courts or officers are imperative where the public or individuals have a right that the power conferred be exercised. (Suth. Stat. Const., 462; Galma v. Amy, 5 Wall., 505; Supervisors v. U. S., 4 id., 435; Tarver v. Commissioners' Court, 17 Ala., 527; Mitchell v. Duncan, 7 Fla., 13.) The proposition contended for finds abundant support in the general policy of the law declared in other parts of the statutes; and is supported by the cases of Cooper v. Mc-Cormick, 10 Wyo., 379, and State ex rel. v. Board, id., 413. Where the statute prescribes the rule, there is no room for

the exercise of official discretion contrary to its spirit and
letter. Where a settler has a preferential right to buy, the
Land Board cannot deprive him of such right, and a sale to
another is void, and may be questioned collaterally. (Ben-
nett v. Winburn (Tex.), 25 S. W., 969; Watts v. Wheeler,
30 id., 297; Carrington v. Harris, 50 id., 197.) In Ne-
braska it is held that the right to continued lease under new
appraisals from time to time cannot be impaired by subse-
quent legislation. (State v. Brown, 47 N. W., 691; State
v. Thayer, 46 Neb., 137; State v. Commissioners, 4 Wis.,
432.)

H. V. S. Groesbeck, for defendant in error.

There is nothing in the record to show that the plaintiff
in error applied to renew a former lease. He did not agree
to pay the rental fixed by the board, nor did he notify the
board of his desire to renew within the time required by
the statute. Section 812 undoubtedly gives the option of
renewing the lease with the permission of the board, but
compels neither party to renew. The whole matter is within
the discretion of the board, which will not be interfered with
unless it has been grossly abused. (State v. Harrison, 10
Wyo., 413.) The board proceeded according to law, and
leased the lands in such manner as to secure the greatest
revenue to the State. (R. S., Sec. 813.) As to the discre-
tion in such matters, see Robertson v. Geer (Or.), 70 Pac.,
614. And as to laches in applying for renewal, Colo. F. &
I. Co. v. Adams (Colo.), 60 Pac., 367.

Section 812, on which the plaintiff in error relies, was
repealed before the proceedings in error herein were insti-
tuted, without any saving clause, and hence as to past trans-
actions only is to be considered as effectual. (Suth. Stat.
Const., 162.) If plaintiff in error desired the original lease
included in the papers sent up, he should have asked an
order to that effect. Its exclusion as evidence was not error.
(R. S., Sec. 845.)

POTTER, JUSTICE.

Plaintiff in error appealed to the District Court from a decision of the State Board of Land Commissioners awarding a lease for certain state lands to the defendant in error, and rejecting the application of plaintiff in error for the same tract. The trial in the District Court resulted in a judgment affirming in all respects the determination of the board. From that judgment the cause comes to this court on error.

It appears that on July 9, 1901, there was filed with the Register of the State Board of Land Commissioners an application by the defendant in error to lease the land in question for the term of five years, and the applicant agreed to pay as rental a sum not less than five per centum of the valuation as fixed by the board. The valuation placed thereon by such applicant in his application in a blank provided for that purpose was one dollar and fifty cents per acre. On October 1, 1901, the plaintiff in error filed a similar application except that his proposed agreement as to rental was to pay a sum not less than five per centum of the valuation stated in the application, which was given as fifty cents per acre. There was nothing on the face of the latter application to show that plaintiff in error then held a lease of the land, nor to indicate that the application was for a renewal of such a lease. Indeed, if anything, the indications were to the contrary, since it was stated that the land was not occupied or improved. However, there appears a pencil memorandum endorsed upon the back of the application as follows: "Renewal L.—1014, Exp. Oct. 6, 1901, 50c—$16." But the record does not disclose the writer of that endorsement, although it would seem probable that it was placed on the document by some person in the office of the Register.

At a meeting of the board held October 7, 1901, as shown by its records, it appearing that there were two applications for the land, the Register was directed to call upon each applicant to file a sealed bid. The defendant in error sub-

mitted a written offer to pay an annual rental of forty-eight dollars. Before complying with the direction of the board the plaintiff in error, on October 30, 1901, sent a written communication to the Register stating that he had endeavored to adjust the conflicting claim without success; and that he preferred to have the board fix a reasonable valuation, so as to enable him to exercise his preference right of renewal without a competitive bid. Subsequently, on November 5, 1901, the plaintiff in error submitted a written proposition to lease the land for a further term of five years on the basis of five per centum annual rental on the valuation of $800, thus proposing to pay annually the sum of forty dollars.

The records of the board disclose that at a meeting held November 19, 1901, it was decided to award a lease to defendant in error at the annual rental of $48, and the application of plaintiff in error was refused. It is recited in the order in substance that, as the board had called for sealed bids, and both parties had submitted such bids, the offer of the plaintiff in error to pay annually five per centum on a valuation fixed by the board could not be considered.

This constituted the entire evidence. However, at the trial in the District Court plaintiff in error offered in evidence his original lease. Objection was interposed on the grounds that it formed no part of the evidence before the board, and no notice had been given of its proposed introduction as new evidence, as required in such cases; and that the application to renew was not made within the time required by law. The lease was excluded. While it is claimed that the exclusion of the lease was error, it seems to be regarded by counsel for plaintiff in error as unimportant, in view of the judgment of affirmance. It is said in the brief that the only purpose of the lease would have been to show its conditions in case the judgment had been that plaintiff in error was entitled to a renewal. But it appears to us that it would have shown the date of its expiration, which is of some importance, since the claim of

plaintiff in error is based altogether upon an alleged preferential right of renewal, and such date is not otherwise disclosed except by the rather abbreviated and unexplained endorsement upon plaintiff's last application, above alluded to.

The court, however, did not err in excluding the instrument. It had not been transmitted among the papers in the case, nor as an item of evidence produced before or considered by the board; and if it properly constituted a part of the records and as such should have been embodied in the transcript from the board, its presence in the record should have been secured by another method. Additional evidence on the trial of appeals from the State Board of Land Commissioners is only permissible in the discretion of the court, where the party desiring to introduce it shall have given notice to the adverse party of the offering of said evidence and stating the nature and purport thereof, "immediately after the perfection of the bill." (R. S., Sec. 845.) As such notice had not been given, it cannot be held that there was an abuse of discretion in sustaining the objection to the introduction of the paper in evidence.

But conceding that plaintiff in error was a lessee of the land under a lease expiring October 6, 1901—and this is his claim—we are unable to find in the record sufficient ground for a reversal of the judgment of the court and the determination of the board. The contention is that plaintiff in error was, upon the facts, entitled to a renewal of his lease under the provisions of Section 812, Revised Statutes, as then in force. That section at the time of the decision of the board, as well as when the judgment was rendered in the District Court, was as follows:

"When any lease expires by limitation, the lessee may, with the permission of the board, renew the same as follows: At any time within ninety days next preceding the expiration of the lease, the lessee or his assigns shall notify the Register of his desire to renew the lease. If the lessee and the board be agreed as to the valuation of the land, a new

lease shall be issued bearing even date with the. expiration of the old one and upon like conditions."

In construing that section, it will be proper to refer to some other provisions of the same chapter. The succeeding section provides that "the board shall lease all state lands in such manner and to such parties as shall inure to the greatest benefit and secure the greatest revenue to the State. Provided, That preference shall be given to the applications of those parties who are citizens and taxpayers of the State." (R. S., Sec. 813, as amended Laws 1901, Ch. 71, p. 75.) And Section 814 authorizes the board to sell the land at the expiration of any lease, whenever in its judgment it is for the best interests of the State. In Section 815, which this court had occasion to consider in Cooper v. McCormick, 69 Pac., 301, it is provided that in the cases mentioned therein "the power given to the board to refuse to renew or lease, to sell the state lands at the expiration of a lease, or again to lease to other parties than to the original lessee, shall not apply." Under that section such power is rendered inapplicable where a lessee has reclaimed the leased tract by irrigation. No privilege is here claimed under Section 815.

It thus appears that the Legislature understood that a power had been granted the board generally to refuse to renew and to lease to other parties than the original lessee. And it is equally clear that the mandate of Section 813 must control to some extent the construction of 812. The board is thereby required to lease the state lands so as to secure the greatest revenue to the state and in such manner and to such parties as will accomplish that purpose. This explains somewhat the reason for allowing the board a considerable discretion in the matter of renewing leases; and no particular loss can accrue to the original lessee, since he is to be paid the price of whatever improvements he may have erected on the lands by the new lessee. (R. S., Sec. 817.)

But the provisions of Section 812 themselves will not bear the construction given to them by counsel for plaintiff

in error, there being nothing elsewhere in the statute to indicate that the discretion of the board was intended to be restricted in ordinary cases.    In Cooper v. McCormick, *supra*, we said in substance that the section vested the board with a wide discretion, which, however, was doubtless to be exercised reasonably rather than arbitrarily, and with a due regard to the rights of the lessee as well as the interests of the State; but that the discretion ought not to be interfered with by the courts except in case of fraud or grave abuse resulting in manifest wrong and injustice. That statement regarding the discretion of the board in the renewal of leases under Section 812 certainly went as far in limiting its exercise as would be warranted by any reasonable construction of the statutes.    Under quite a similar statute in Colorado it was held that the lessee had no preferential right.    (Colo. Fuel & Iron Co. v. Adams, 60 Pac., 367.)

It will be observed that the right of renewal is "with the permission of the board."    This clearly indicates that the matter was left largely at least within the power of the board.    But it is further provided that the renewal is required only in case the lessee and the board agree as to valuation.    It does not appear in the case at bar that the board and plaintiff in error agreed upon any valuation.    It is true that, after the expiration of the lease, the board was requested to fix a valuation; but the lessee had already stated a valuation in his application, and there is no showing that it was ever agreed to.    Moreover, the lessee subsequently fixed another valuation; but it is shown that the same was not agreed to by the board, for they rejected the application and awarded the lease for a larger annual rental than plaintiff in error proposed to pay upon the valuation fixed by him.    The statute required that the annual rental should not be less than five per centum on the valuation.    (R. S., Sec. 806.)

Assuming that the application of plaintiff in error should be construed as one for renewal within the statute, and

that it was filed within the time required, he made no proposition thereby as to valuation or rental than to pay an annual sum equal to five per centum upon fifty cents per acre. And it is doubtful, to say the least, whether his subsequent offer of October 30 brought him within the statute, conceding that, if strictly pursued, he would have been entitled to the preference right claimed. But it is not necessary to decide that question.

It is quite impossible, upon the facts in this case, to say that there was such an abuse of discretion on the part of the board that its decision should be reversed. We are of the opinion that the judgment of the District Court must be affirmed.                                                  *Affirmed.*

CORN, C. J., and KNIGHT, J., concur.