## MILLER v. HURLEY*
(No. 1394; December 19, 1927; 262 Pac. 238)
(Rehearing Denied Jan. 31, 1928)

MINES AND MINERALS—MINERAL LEASES—"VACANT LANDS" DE-FINED—DISCRETION OF LAND BOARD—JUDGMENT—APPEAL FROM STATE LAND BOARD—LEASE CONTEST—COMPETITIVE BIDDING FOR LEASE.

1. Where lessee of state oil lands for period of five years from June 19, 1919, did not apply for renewal thereof until June 19, 1924, and right to lease lands was contested on ground that lease expired on June 18, 1924, *held,* that, since custom of state board was to consider lease as ex-expiring on day of month corresponding with day of month on which it was granted, and record from land office showed all other leases as expiring on day of month of year corresponding with day of month on which lease was granted, lease did not expire until June 19, 1924.

2. Where lessee of state oil lands was in possession under lease for five years from June 19, 1919, lands were not "vacant lands," within meaning of section 706, Comp. St. 1920, on June 19, 1924, since they were occupied by producing wells, wells in process of drilling, machinery, and buildings and section 706 refers to lands vacant in fact or unoccupied.

3. Appeal from decision of land board in action against lessee of state oil lands under Comp. St. 1920, § 753, is triable *de novo* on the facts; but the discretion of the land board is controlling except in case of illegality, fraud, or grave abuse in exercise of such discretion.

4. In contest to set aside lease of state oil lands, judgment of trial court, affirming decision of land board and for defendant, *held* sufficient.

5. In contest to set aside lease of state oil land, where judgment was entered affirming decision of land board, *held,* that judgment must necessarily affirm or reverse land board, whether expressed in judgment or not.

6. In contest to set aside lease of state oil lands, where land board had discretion to lease the land, judgment of district court, affirming leasing of land by board, which in its terms affirmed decision of the land board, was proper; section 757, Comp. St. 1920, providing no form of judgment and section 741 providing decisions of board were final until set aside by court.

7. Lease of state oil lands to developing occupant without competitive bidding *held* not against public policy, under Comp. St. 1920, §§ 699; 706; it being a proper exercise of the board's discretion to favor and encourage lessees' improving property.

*See Headnotes: (1) 35 C. J. p. 975 n. 45.   (2) 40 C. J. p. 894 n. 76.   (3) 32 Cyc. p. 1098 n. 39.   (4, 5) 32 Cyc. p. 1098 n. 39.   (6) 32 Cyc. p. 1098 n. 39.   (7) 32 Cyc. p. 1098 n. 39.

APPEAL from District Court, Hot Springs County; CYRUS O. BROWN, Judge.

Action by Henry A. Miller against F. E. Hurley to contest right to state land under lease. Judgment for defendant, and plaintiff appeals.

*John T. Bottom,* for appellant.

Preferential rights, on ground of citizenship, are not involved, all parties interested being non-residents of the state; the action of the Board was against sound public policy, Greenwood Pub. Pol. pp. 1, 2; Const. Art. 18 Sec. 1, 3, 5. The statutes require leases to be granted in a manner as shall inure to the greatest benefit and revenue to the state, § 706, § 712 C. S. The Act of Admission limits leases to five years. State v. Board, 20 Wyo. 162; Campbell v. Co. (Ariz.) 212 Pac. 381. The trial court erred in not assuming full jurisdiction in determining the controversy

*de novo;* Cooper v. McCormick, 10 Wyo. 379. The term *"de novo"* means a second trial, 18 C. J. 486, Karcher v. Green (Del.) 32 Atl. 225; Estes v. Co., 49 Colo. 378; Haney v. Welty, (Wyo.) 162 Pac. 932. Appellant should be granted full relief on appeal. Bucknum v. Johnson (Wyo.) 127 Pac. 904; Baker v. Brown, 74 Pac. 94; Paul v. Armstrong, 1 Nev. 82; Kennedy v. Hamer, 19 Calif. 374. Appellant's bid was accepted by the Commissioner and ratified by the Board, and there was no authority to accept a higher bid. State v. Board, 191 Pac. 1073; Webster v. French, 11 Ill. 254.

*A. M. Gee* and *Hal W. Stewart,* for respondent.

Appellee had a preference right under Sec. 712 C. S. The case was in fact tried *de novo* in the District Court; the State Land Board is solely an administrative one, Sec. 695 C. S.; Farm Invest. Co. v. Carpenter, 9 Wyo. 110. In the absence of fraud, decisions made within the discretionary powers of the Board are not reviewable; Davis v. Campbell (Ariz.) 206 Pac. 1078; Walls v. Land Board, 254 Pac. 481; Whiteman v. Severance (Minn.) 49 N. W. 255; State v. Board, 191 Pac. 1073; Cooper v. McCormick, 10 Wyo. 379; Baker v. Brown, 74 Pac. 94. The Board has power to adopt reasonable rules and regulations, 699 C. S.; State v. Board, supra, Cooper v. McCormick, supra. The evidence shows that if the lease had not been renewed appellee would have lost a large part of his investment, which was in excess of $90,000.00. The decision of the District Court should be affirmed.

TIDBALL, District Judge.

This case involves a contest between appellant and appellee over the leasing of state school lands situate in Hot Springs County. On June 8th, 1914, the State, through its proper land board, issued an operator's lease covering the lands in question to appellee, for a period of five years. This lease would have expired five years later, but by order of the board dated June 4th, 1919, the lease was extended

to June 19th, 1919, to obtain a geological report. On the latter date, another operator's lease was granted to appellee for a period of five years.

On June 19th, 1914, appellee, F. E. Hurley, filed application with the Commissioner of Public Lands for a renewal of said lease, claiming the preferred and superior right thereto under the laws, regulations and policy adopted and followed by the State of Wyoming; and in support thereof claimed that he was a taxpayer of the State of Wyoming and a resident citizen of the State of Wyoming, and that he had caused thirty-nine standard wells to be drilled upon said lands at a cost of $277,726.76, and had expended in necessary surface equipment in the completion and operation of said thirty-nine wells and the operation of the lease the sum of $50,881.94, and had paid to the State of Wyoming in royalty in excess of $600,000.00; that the reasonable and conservative value of the material and surface equipment upon said lease, essential and necessary for the present and continued operation thereof, was $125,160.95. In said application a renewal of the existing lease was requested and in addition thereto the applicant requested that the royalty for the ensuing five years on light oil be fixed at not to exceed twenty-five percent and the royalty on the black oil, seventeen and one-half percent.

On June 18th, 1924, appellant, Henry A. Miller, addressed a letter to the Commissioner of Public Lands making application for an operating lease on the land here involved, offering to pay a royalty of thirty-three and one-third percent for all of the oil and gas produced from said lands and agreeing to pay for the improvements as required by law. In this letter he enclosed a certified check in the sum of ten thousand dollars. This letter was sealed in an envelope addressed to the State Land Commissioner, Cheyenne, Wyoming, and marked a "Bid for State Land, to be opened June 19, 1924."

On June 20th, 1924, at nine o'clock, A. M., the Commissioner opened the sealed envelope and marked the same

"Application No. 39141" and on that day the Commissioner rendered his decision on the conflicting applications for lease by rejecting the application of Henry A. Miller and granting the application of F. E. Hurley on the basis of thirty-three and one-third percent royalty on all oil and gas and allowed thirty days in which to appeal.

From this decision Henry A. Miller appealed to the State Board of Land Commissioners on July 21st, 1924. And from this decision F. E. Hurley also appealed, insofar as said decision fixed a royalty on black oil at thirty-three and one-third percent.

On August 30th, 1924, the respective parties hereto appeared before the State Board of Land Commissioners at which time a hearing was held before said board upon the appeals from the decision of the Commissioner, and after the conclusion of the same the board took the matter under advisement. Again, on November 6th, 1924, the matter of the conflicting applications of the respective parties hereto was before the State Board of Land Commissioners for consideration, and on that date said board approved the decision of the Commissioner allowing the lease to F. E. Hurley at Thirty-three and one-third percent royalty and rejected the application of Henry A. Miller.

From this decision, Henry A. Miller gave notice of appeal to the District Court of Hot Springs County, Wyoming, under the provisions of Chapter 60, Wyoming Compiled Statutes of 1920.

On October 27th, 1925, the cause came on regularly for trial in the District Court of Hot Springs County, Wyoming, at which time testimony was offered by the respective parties hereto in addition to the testimony that was offered at the hearing before the State Board of Land Commissioners on August 30th, 1924; and thereafter, and on January 23rd, 1926, the trial judge rendered judgment in favor of F. E. Hurley, appellee, and Miller has appealed to this court.

The evidence produced at the trial in the District Court shows that the terms and covenants of both leases held by appellee on the lands in question over a period of ten years had been carried out and the lands embraced therein had been developed by appellee in a manner satisfactory to the board. During that period, thirty-nine producing wells had been completed at a cost of over $275,000; the oil had been marketed at the prevailing market prices; the light oil sand had been fully developed as far as the drilling of wells was concerned, and one black oil well had been completed and was producing, and two further offset wells for the production of black oil were being drilled, these black oil wells being of great depth, from 3900 to 4200 feet, and costing $92,000 and upward per well to drill.

The evidence further showed that appellee's company (The Ohio Oil Company) had tested nineteen structures in Wyoming, only two of which had proved commercially productive; that it has been the policy of the state land board over a long period of time to renew leases at the expiration thereof when the lessee had abided by the terms of his lease; and that the appraised value of the equipment on the lease in question at the time of its installation was over $125,000. It further appeared that appellant and his associates, Bonfils, Mrs. Tammen, and the Children's Hospital, all of Denver, Colorado, had never developed any unproven Wyoming structures to production; that shortly before the expiration of the lease on the lands in question, in June, 1924, the appellant had gone to the Commissioner of Public Lands and inquired of him about vacant state lands available for oil drilling, and was then told by the Commissioner that there was plenty of such lands; that appellant then informed the Commissioner that he was looking only for proven lands and had no desire to acquire leases on unproven territory; that the land board had known at all times that appellee represented The Ohio Oil Company.

At the hearing before the land board, appellant requested that the lease in question be auctioned off to the highest bid-

der, in case the board did not grant it to him outright. This request was denied by the board.

Other facts developed both at the hearing before the land board and during the trial in the District Court, but we deem the above a sufficient statement for the purposes of this decision. The judgment of the District Court was for appellee and affirming the action of the land board.

As we understand appellant's contentions in this court, he bases his request for a reversal of the District Court's decision upon four propositions, as follows:

1. Appellee's lease expired on June 18th, 1924, and the application for renewal made on June 19th was after the expiration of the former lease, and hence appellee lost whatever rights he may have had to a renewal, under Section 712, Wyoming Compiled Statutes of 1920, as amended by Chapter 62, Session Laws of 1921, or under the rules and regulations of the land board.

2. That the lease of appellee having expired on June 18th, the lands in question became vacant state lands, under Section 706, Wyoming Compiled Statutes of 1920, and should have been auctioned off to the one who would pay the highest annual rental therefor.

3. That the trial in the District Court, under Section 753, Wyoming Compiled Statutes of 1920, is *de novo* and that, therefore, the judgment of the District Court in affirming the decision of the land board on the ground that that board had not acted beyond its lawful discretion in granting the lease to appellee was erroneous.

4. That the action of the board in granting the lease to appellee on the royalty basis embodied in appellant's request for the lease, and the refusal of the board to grant the lease to appellant on his offer of a higher royalty than was offered by appellee in his application for renewal of the lease, was against public policy, and void.

We shall briefly discuss these propositions and state our conclusions thereon.

1.   On June 19th, 1919, appellee was granted a lease for the term, to quote from the lease, "of five years from June 19, 1919" on the lands in question.  Appellant contends that this lease would expire at midnight on June 18th, 1924. Appellee did not apply for a renewal thereof until June 19th, 1924.  Hence, if appellant is right, the lease expired the day before the application for renewal was filed.  Appellee contends that it was the custom of the state board to consider a lease as expiring on the day of the month of the expiration year corresponding with the day of the month on which it was granted.  This appears from the evidence to have been the custom.  The copy of the lease on the lands in question granted on June 19th, 1919, retained in the records of the land board, was marked on the back as expiring on June 19th, 1924; and a record from the land office introduced in evidence, containing a list of state leases together with the date of lease and date of expiration thereof, showed the date of expiration, not only of this lease, but of all other leases on that list, as expiring on a day of the month of the year of expiration corresponding with the day of the month on which the lease was granted.  And oral testimony was to the effect that this had always been the custom of the land board.  We think, under these circumstances, the lease in question did not expire until June 19th, 1924.  35 Corpus Juris, 975, Sec. 53.

2.   On the second contention of appellant, we are of the opinion that the lands in question were not, on June 19th, 1924, vacant lands, within the meaning of Section 706, Wyoming Compiled Statutes of 1920.  That section refers to lands vacant in fact, unoccupied.  The lands in question were occupied by appellee on that date, as shown by the evidence.  They were occupied by forty producing wells, two wells drilling, machinery, buildings, etc.  Hence, they were not lands required to be auctioned off to the highest bidder, under Section 706, Wyoming Compiled Statutes, 1920.

3. Section 753, Wyoming Compiled Statutes of 1920, provides that upon appeal from the decision of the land board to the District Court, "said contest proceeding shall stand to be heard and for trial *de novo,* by said court." What judgment is to be rendered, and the form thereof, are not specifically provided for in that section. By the expression "a trial *de novo*" is meant a new trial upon the questions of fact. Bucknum v. Johnson, 21 Wyo. 39, 127 Pac. 904. Appellant in his brief says "The trial court, in the instant case, treated that expression as meaning something in the nature of a review, and that he could not grant the appellant relief if to do so meant the interference with the discretion of the State Land Board." And again, "Therefore, it was the duty of the District Court to try the questions involved, and the right of this appellant to a lease, as if no action whatever had been instituted in the State Land Board." The judgment of the District Court, without the preliminary matter and findings of fact, was as follows:

"WHEREFORE, by reason of the law and the finding aforesaid, IT IS HEREBY ORDERED AND ADJUDGED that the decision of the State Board of Land Commissioners of the State of Wyoming, dated November 8, 1924, affirming the decision of the Commissioner of Public Lands of the State of Wyoming, dated June 20, 1924, wherein said Commissioner allowed the application of F. E. Hurley for an oil and gas lease covering and describing the south half north-east quarter and east half northwest quarter of Section nineteen, Township forty-six north, Range ninety-eight west of the 6th Principal Meridian, and situate in Hot Springs County, State of Wyoming, and disallowing the application of Henry A. Miller for an oil and gas lease covering and describing the same lands, be, and the same is, hereby affirmed and the judgment of this Court is rendered in favor of the Appellee."

The contention of the appellant is, as we understand it, that an appeal from the land board and a trial *de novo* in the District Court, whatever discretion the land board may

have had in the proceedings before that board is set aside,
completely wiped out, and that the only discretion left in
the case is the discretion the District Court may possess in
the ordinary trial of a civil action, and, further, that the
judgment of that court must grant a lease either to appel-
lant or appellee. We think a little reflection on the result
of such contention will demonstrate that it is untenable
under the policy of the laws of this state relating to the
leasing of state lands. In the first place, nowhere in the
Constitution or statutes is the District Court, or a judge
thereof, granted power to lease state lands. Both the Con-
stitution and the statutes repose that power in the land
board. In exercising such power, the land board exercises
a wide discretion. State v. State Board of Land Commis-
sioners, 7 Wyo. 478, 53 Pac. 292. Cooper v. McCormick,
10 Wyo. 379, 69 Pac. 301. Baker v. Brown, 12 Wyo. 198,
74 Pac. 94; Bucknum v. Johnson, 21 Wyo. 39, 127 Pac.
904. If, by the simple expedient of an appeal from the
decision of the land board, that discretion can be taken
from the board and vested in the District Court, as con-
tended by appellant, then the discretion of the land board
amounts to nothing on a contested case. It is an empty
thing, a mere *ignis fatuus*.

In the former decisions of this court above set forth, it
has been held that the discretion of the land board is a sub-
stantial thing and cannot be interfered with by the courts
except in case of fraud or grave abuse, resulting in mani-
fest wrong or injustice. Yet if appellant's contention were
upheld, it would be necessary to hold that the discretion
of the land board, conferred on it by the constitution and
statutes of this state, and heretofore recognized by the de-
cisions of this court, is completely wiped out by an appeal.
We cannot concur in such contentions, but hold that that
discretion should be controlling except in the case of an
illegal exercise thereof or in case of fraud or grave abuse of
such discretion.

In this same connection, appellant complains of the judg-

ment of the trial court because it consisted in the affirmance of the decision of the land board, his contention being that the judgment of the District Court on appeal from the decision of the land board should be, as in an appeal from a justice of the peace, simply a judgment for either appellant or appellee. It will be observed that the District Court's decision in the present case was both an affirmance of the land board's decision and a judgment for appellee. So we think we might dispose of this question by saying that the judgment complained of was sufficient even under appellant's contention. However, we think we ought to say further that, the land board being exclusively vested with the power to grant leases on state lands, and no such power being granted to the courts, a judgment of the District Court on appeal from a decision of the land board must necessarily result either in the affirmance or reversal of the action of the land board, whether such affirmance or reversal is expressed in the judgment or not. This seems to have been assumed to be the correct view in at least a part of the former decisions of this court; for in the case of Baker v. Brown, supra, it is said: "It is quite impossible, upon the facts in this case, to say that there was such an abuse of discretion on the part of the board that its decision should be reversed." And in the case of Cooper v. McCormick, supra, this court said: "The judgment of the District Court must, therefore, be reversed; and that court will be directed to vacate its judgment and enter an order reversing the determination of the board and ordering the granting and execution of a lease to plaintiff in error."

We have not overlooked in this connection the language used by this court in the case of Bucknum v. Johnson, supra, on the question either of the judgment to be entered by the District Court or on the question of that court sitting in an appeal as a substitute for the board. We do not think that opinion inconsistent with the views herein expressed. That case discusses what is meant by a trial *de novo* in the District Court, and holds that it means that the Court is to

determine the facts for itself without regard to the determination of facts as found by the board. We agree with that. But that case does not hold that the discretion of the land board is wiped out by appeal and the discretion of the trial judge substituted in its place. In that case, the judgment of the District Court was reversed because it was held that under the facts as found by the trial judge, the land board had the right to lease the land as it did, under its discretion as a leasing board. We think the judgment of the trial court was in proper form. Section 757, Wyoming Compiled Statutes of 1920, as before stated, does not prescribe the form of judgment, but provides that upon appeal the case shall be tried in the District Court ''in all respects as civil cases are tried in said district court.'' Section 741 provides among other things that ''The decisions of the board shall be final until set aside by a court of competent jurisdiction.'' This latter section seems to contemplate that a reversal or affirmance of the board's decision by the court on appeal should be included in the judgment.

4. It was lastly claimed by appellant that the action of the board in granting the lease in question to appellee was void as against public policy. In this connection, we understand appellant makes the following claims: first, that appellee's lease having expired on June 18th and his application for renewal not having been filed until June 19th, he lost all preference right to a renewal, under Section 712, Wyoming Compiled Statutes 1920, as amended by Chapter 62, Session Laws of 1921, and under the rules and regulations of the land board; second, that appellant having offered in his application to take the lease at a higher royalty basis than did the appellee in his application, it was against public policy to grant a renewal to appellant; and, third, that under such conditions, the most the land board could do was to put the lease up to the highest bidder, under Section 706, Wyoming Compiled Statutes of 1920.

We cannot agree with the contention of appellant that the action of the land board was illegal or fraudulent, nor

can we agree that its action in handling the lease in question constituted, a grave abuse of discretion resulting in manifest wrong or injustice. We have already held that the lease in question did not expire until June 19th and that the lands in question were not vacant lands, and hence not subject to the provisions of Section 706. The State of Wyoming lost no revenue by the action of the land board. The lease was granted to appellee and finally accepted on the royalty basis offered by appellant. Section 699, Wyoming Compiled Statutes of 1920, gives the land board power to adopt reasonable rules and regulations binding upon applicants for leases. Section 75 of these regulations provides that it is the policy of the board to give great consideration to applications by former lessees who have made valuable improvements on the lands leased. We think this regulation is not unreasonable. It is for the board to adopt that rule or policy, consistent with law, which to them shall seem most beneficial to the State of Wyoming, and in the absence of a showing of fraud or grave abuse of discretion, such rule or policy will not be interferred with by the courts. The policy of the board to renew leases at the expiration thereof where the lessee has expended large sums of money in developing such leases is probably based upon the assumption that to do otherwise would discourage persons from leasing state lands for the development of the minerals underlying them. A person or a company would not be willing to expend hundreds of thousands of dollars in drilling unproven territory for oil unless he could with reasonable assurance expect to be granted a preference right to renew the lease at the expiration thereof, provided he were willing to pay a reasonable royalty for such renewal, to be fixed by the land board. We cannot say that such an assumption on the part of the land board is illegal, arbitrary or unreasonable.

The judgment of the District Court is affirmed.

*Affirmed.*

BLUME, Ch. J., and KIMBALL, J., concur.