AMELIA JASSMAN,

*Appellant-Appellant,*

vs.

MERLE E. WULFJEN,

*Appellee-Respondent.*

(No. 2559; May 19th, 1953; 257 Pac. (2d) 334)

262

For the appellant the cause was submitted upon the brief of Fred E. Wheeler of Torrington, Wyoming.

For the respondent the cause was submitted upon the brief by Maurer and Garst of Douglas, Wyoming.

## OPINION

PARKER, District Judge:

The District Court of Niobrara County affirmed a decision of the State Board of Land Commissioners in favor of respondent, Merle E. Wulfjen, by which a lease of the following state lands was awarded to her over the appellant:

Lot 3 in the Southeast Quarter of the Northwest Quarter of Section 4; Lot 2 in the South half of the Northeast Quarter of Section 5, all in Township 33 North, Range 62; and the North Half of the Southwest Quarter and the Southwest Quarter of the Southeast Quarter of Section 32; and the Southwest Quarter of the Southwest Section 33, all in Township 34 North, Range 62 West of the 6th P. M., Niobrara County, Wyoming.

The case is here by direct appeal of Amelia Jass-

man, seeking to review the judgment of the District Court and the ultimate question before this Court is the propriety of the decision of the State Board of Land Commissioners by which the lease on the land was granted to Mrs. Wulfjen. The crux of the case relates to certain provisions of Section 24-113 of the Wyoming Compiled Statutes of 1945 relating to the leasing of state lands, which reads in part as follows:

"All state lands leased by the State Board of Land Commissioners for grazing purposes shall be leased in such manner and to such parties as shall inure to the greatest benefit of the state. Except as herein provided, *preference shall in all cases be given to applicants who are bona fide resident citizens of the state,* qualified under the provisions of § 91-109 (§ 24-109), as amended, and to firms, associations or corporations authorized to transact business in the state, having actual and necessary use for the land and who are the owners ,lessees or lawful occupants of adjoining lands, who offer to pay an annual rental for the use of the land for a period of ten (10) years within the minimum and maximum limits of appraised rental value as provided in § 91-108 (24-108) ; provided, that an applicant who is *the holder of an expiring lease,* and has paid the *rental when due, and has not violated the provisions of the lease,* and is qualified under the provisions of § 91-109 (§ 24-109), shall have a preferred right to renew such lease." (Italics supplied).

The two provisions of this statute which relate to this matter are as indicated by the italics, those which provide for a preference to applicants who are bona fide resident citizens of the state, and the latter provision in the same paragraph which gives a preferred right to an applicant who is the holder of an expiring lease and has not violated 'the provisions thereof.

It is the contention of the appellant that the respondent, Merle E. Wulfjen, was not a resident of the State of Wyoming at the time of the renewal of the lease, and, therefore, was not entitled to secure the

same. There is considerable discussion and analysis of Mrs. Wulfjen's residential situation in the briefs and if it should be of importance to determine whether she was a resident of the State of Wyoming at the time of the renewal of the lease about which complaint is made, it seems reasonable to assume that she would be found not to be a resident of the State of Wyoming. She had lived in California at least since she registered to vote there in 1948. She and her husband had previously owned real estate in California and she had a business there. She had not returned to Wyoming to stay any length of time, although she said that she hoped to move back if she could get rid of her business in California.

Mrs. Wulfjen, at the time of the renewal of the lease and at the time of the hearing in the District Court, was a life tenant of certain ranch properties which adjoined the state land in question. She, with the consent of the remaindermen, leased the ranch land and with it the state land in question. There was uncontradicted testimony to the fact that the state land in question was necessary to the best and most efficient operation of the Wulfjen land. There was, of course, testimony that the Jassmans had land in the area and that the state land in question would be useful to them to use in conjunction with their privately owned land. It appeared, therefore, that as far as the record is concerned, both parties had a need for the land and the use of it by either of the parties probably would result in approximately like use to each of the parties and substantially the same benefit and revenue to the State of Wyoming.

There is some intimation in appellant's brief that there was misrepresentation by Mrs. Wulfjen as to her situation, or, at least, something less than a complete statement of the facts by her. However, neither

the record nor the statement in the brief amounts to proven fraud. Actually, there does not appear to have been any improper representation by Mrs. Wulfjen and both the Commissioner and the Land Board were undoubtedly aware of the situation as regards residence.

It is, therefore, a matter for this Court to determine whether or not the lease on state land granted by the State Board of Land Commissioners to a non-resident of the State of Wyoming who, together with her predecessors in interest, had a lease on the property for many years past, was invalid in view of the provision of the statute that preference in state leasing should be given to bona fide resident citizens of the state.

The subject of the Court's reviewing and altering decisions of the Board of Land Commissioners has been before us often. One of the first cases, State ex Rel, Marsh, vs. State Board of Land Commissioners, 7 Wyo. 478, 490; 53 Pac 292, 295, held in part:

"The exercise of the power conferred upon the board to lease the lands of the state in the manner and to parties which shall inure to the greatest benefit, and secure the largest revenue of the State, requires judgment and discretion. No inflexible rule is laid down for the guidance of the Board in those matters. The judgment and discretion to be exercised is judicial in character, and in an application for the writ of mandamus it is not proper for the court to interpose its opinion and judgment in the place of that of the board, even if the conclusion which the latter has reached upon the facts should appear to have been erroneous."

A few years later this Court in the Cooper vs McCormick case, 10 Wyo. 379, 398; 69 Pac. 301, 303, specifically discussed the situation regarding the citizenship and residence of Frank Cooper in the following words:

"Conceding that enough appeared to establish the fact that Cooper was a non-resident alien, it does not seem to be contended that he is on that account incapable of taking a lease of state lands; nor is any reason pointed out, in the brief of counsel for defendant in error, why the fact of alienation should control in a determination of his right to renew his lease, other than a reference to the provisions of § 813 Revised Statutes, as amended in 1901, (which carried a similar provision as to preference as in the instant statute). That statute provides that the board shall lease all state lands in such manner and to such parties as shall inure to the greatest benefit and secure the greatest revenue to the state, provided that preference shall be given to the applications of those parties who are citizens and taxpayers of the state.*** It is not intended, we think, to so provide that in all cases, and under all circumstances, where there shall be more than one application to lease state land, the application of an alien or nontaxpayer shall be rejected in favor of a citizen or a taxpayer, nor is the statute entitled to that technical construction. The preference provided for is evidently to be followed by the board only when other things are equal."

In commenting on the Cooper case, our Court, in Baker vs Brown, 12 Wyo. 198, 74 Pac. 94, 96, said:

"In Cooper vs McCormick, supra, we said, in substance, that the section vested the board with a wide discretion, which, however, was doubtless to be exercised reasonably rather than arbitrarily, and with a due regard to the rights of the lessee as well as the interests of the state, but that the discretion ought not to be interfered with by the courts, except in case of fraud or grave abuse, resulting in manifest wrong and injustice."

The pronouncements of these early cases has not, in effect, been changed by the several cases which have been determined more recently. In fact, they were reiterated in the case of Banzhaf vs Swan, 60 Wyo. 201, 148 Pac. (2nd) 225, and in case of Kerrigan vs

Miller, 53 Wyo. 441, 448, 84 Pac (2nd) 724, 726. The court in passing said:

"In all of these cases we held that the preferential right granted by statute is not, and could not, be absolute, but is qualified. We have no reason to depart from that ruling."

Other cases could be cited but would suffice little. The law specifically provides a preferences for two different classes of persons;

(1) The resident citizens of the State of Wyoming, and

(2) Persons who have held prior leases and who have not violated their provisions.

Findings of fact must be construed liberally and favorably to the judgment, Bishop vs Hawley, 33 Wyo. 271, 238 Pac. 284; Hinton vs Saul, 37 Wyo. 78, 259 Pac. 185. "The presumption is that the action of the trial court was right."—O'Malley (O'Mally) vs Eagan, 43 Wyo. 233, 244; 2 Pac (2nd) 1063. The same principle should control appeals from such agencies as the Land Board. The Board must be assumed to have known the law on this point, to have obeyed it and in its deliberations to have considered both the citizenship of Mrs. Wulfjen and her previous relationship as lessee, as well as all facts and circumstances relating to the needs, uses and benefits of each of the parties and of the people of the State of Wyoming. This court has so repeatedly said that it will not disturb findings of fact made in the trial of the cause, that is is unnecessary to cite further cases. The judgment of the lower court is affirmed.

*Affirmed.*

BLUME, C. J. and RINER, J., concur.